WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,   )<br>           Plaintiff,   )<br>       )<br>v.   )<br>       )<br>James Schmit,   )<br>           Defendant,   )<br>_____ ) | CR 07-1714 TUC DCB (HCE)<br><br>**O R D E R** |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) (doc. 211) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Sever Counts/Motion In Limine to preclude evidence (doc. 196).

## MAGISTRATE JUDGE'S RECOMMENDATION

On October 18, 2010, Magistrate Judge Hector C. Estrada issued the R&R. He found that child pornography and obscenity counts were properly joined and did not need to be severed for trial because any prejudice can be dispelled by a jury instruction that guilt, if any, is to be decided on each count separately. (R&R at 7.)

The only Objection to the R&R was filed by the Defendant. He argues the Magistrate Judge erred in concluding the counts were properly joined and mis-weighed the prejudicial impact of the joinder of the counts for trial.

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments contrary to the R&R have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Government's Response, and the parties' briefs considered by the Magistrate Judge relevant to the objections made to the R&R.

## OBJECTIONS

The Defendant argues the Magistrate Judge erred in concluding the counts were properly joined because the counts are dissimilar, involving different type images with wholly different content, requiring different evidence and defenses, and arose over a broad period of time.

A review of the factual basis supporting the indictment defeats the Defendant's arguments. He is charged by indictment, from a time unknown to on or about May 11, 2005, with knowingly transporting child pornography (counts 1 through 9), knowingly transporting obscene material (counts 10 through 24), and possessing child pornography

(counts 24 through 33).  Counts 1 through 9 and 24 through 33 involve the same pornographic images of minor children.  The evidence will reflect that the case began when Federal Bureau of Investigation (FBI) agents in Minnesota discovered credit cards issued to the Defendant were used on child-porn web-sites on January 25, June 29, and July 1, 2003. Subsequently, Defendant moved to Tucson, Arizona.  The investigation culminated here in 2005, with Defendant's arrest after the seizure of multiple computers, CDs and DVDs.  A forensic investigation revealed that prior to the move to Arizona, a mix of child pornographic and obscene adult images had been saved on the computers, CDs and DVDs. Because Defendant moved from Minnesota to Arizona, he is charged with interstate transportation of child pornography and obscene adult material.

The standard for obscenity is whether the image, "taken as a whole, appeal[s] to the prurient interests in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." *Miller v. California*, 413 U.S. 15, 24 (1973).  Obscene material which deals with sex is pornography. *Id.* at 19 n. 2.  Child pornography involves sexually obscene images of minors, *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 240 (2002) (citing *Miller*), and whether or not it is obscene, child pornography is prohibited because it promotes the sexual exploitation of children, *id.* 249-252 (citing *New York v. Ferber*, 458 U.S. 747, 759-761 (1982).  To be guilty of possessing or transporting child pornography, the Defendant must have known the images depicted minors engaged in sexually explicit conduct, meaning "actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person."  Ninth Circuit Model Jury Instruction 8.185.

The Magistrate Judge correctly found the indictment joined offenses of similar character because they are both based on the same acts of acquiring and saving pornographic and obscene images, some of children and some of adults, on his computers, CDs and DVDs, and transporting them from Minnesota to Arizona.

The Magistrate Judge correctly found that there were acts or transactions to support a common scheme or plan because: "(1) the child pornography and obscene material were both received by Defendant in Minnesota; (2) the child pornography was subscribed and purchased in Minnesota by Defendant with his own credit cards; (3) the child pornography and the obscene material were both stored on CDs in Minnesota before Defendant moved to Tucson, Arizona in March of 2004; (4) the child pornography and the obscene material stored on CDs, were both transported in interstate commerce from Minnesota to Tucson, Arizona; (5) 44 CDs containing child pornography and obscene material were stored in cases found in Defendant's residence; (6) 8,759 of child pornography and images of obscene material were co-mingled on some of the same CDs; (7) in addition, 17,250 images of child pornography were also found in the various hard-drives seized by the Government under the search warrant served on May 11, 2005 at Defendant's residence; (8) the aforementioned common scheme or plan demonstrates Defendant's intent to amass and accumulate images of child pornography and not take reasonable steps to destroy each visual depiction. *See* 18 U.S.C. §2252(c)(2)(A); and (9) demonstrates Defendant's intent to amass and accumulate illicit images, whatever their form." (R&R at 6-7.)

The Court rejects the Defendant's argument that the acquisition of images was not a common scheme or plan because it spanned a broad period of time "as early as 1998 and some images as recently as 2003." (Objection at 5.)  Defendant acquired a large library of pornographic and obscene materials, which necessarily could not have been accomplished over night.  In this case, the five year time period reflects the duration of the scheme or plan undertaken by Defendant to amass the pornographic materials rather than that Defendant was acquiring pornographic material, sporadically, in unrelated dribs and drabs over five years.

The evidence in the case will overlap as to its discovery, how, when, and where the child pornographic and obscene materials were obtained, stored or possessed, and transported from Minnesota to Arizona.

Joinder of the offenses in this case was proper under Rule 8(a) because the offenses are: "[] of the same or similar character, . . . [and] [] based on acts or transactions that are connected with, or constitute parts of a common scheme or plan, . . . ."  (R&R at 5-7) (citations omitted).

Under Rule 14a of the Federal Rules of Criminal Procedure, the trial court may sever offenses at its discretion if joinder appears to prejudice a defendant.  Three types of prejudice may result from trying a defendant for different offenses in a single trial, which include the following examples: (1) the defendant may wish to testify in his own behalf on one offense but not another, thereby forcing him to choose to either testify as to both or testify as to neither, *United States v. Whitworth,* 856 F.2d 1268, 1277 (9th Cir. 1988); (2) the defendant may become embarrassed or confounded in presenting separate defenses, *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir. 1987); and (3) proof that the defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense, *id.*; *United States v. Lewis,* 787 F.2d 1318, 1321 (9th Cir.), *as amended by,* 798 F.2d 1250 (9th Cir. 1986). *See also* 24 *Moore's Federal Practice* § 614.03 (3d ed. 1997) (detailing types of prejudice and citing cases); 1A Wright, *Federal Practice & Procedure:* Criminal 3d § 222 (1999) (same).

Defendant argues that joinder is error because the spillover effect of the obscene images may cause a jury to convict him of possessing child pornography.  He argues that under *United States v. Curtain*, 489 F.3d 935 (9th Cir. 2007); *United States v. Poehlman*, 217 F.3d 692, 695 (9th Cir. 2000), and *United States v. Harvey*, 99 F.2d 981 (2nd 1993), if the government sought to introduce evidence of the alleged obscene adult images at Mr. Schmit's trial on child pornography, any resulting conviction would almost certainly be reversed.  None of these cases consider the question of severance.  In *Curtain*, the court found that stories depicting adult-child sexual contact were relevant and admissible to establish intent in respect to a charge that defendant crossed state lines intending to have sex with a minor.  In *Poehlman*, the court discussed the relevancy of defendant's interest in adult pornography in the context of an entrapment case where an agent posed as a mother

seeking a sexual mentor for her daughters. In *Harvey*, the court held that defendant's receipt of adult pornography was not relevant to whether he knowingly received child pornography. In this case, the Defendant is charged with transporting both obscene adult and child pornographic images, and possessing child pornography.

Defendant has the burden of proving that the joint trial is manifestly prejudicial. *United States v. Lewis*, 787 F.2d at 1321 (9th Cir. 1986). There is a high risk of undue prejudice when joined counts allow evidence of other crimes to be introduced in a trial where such evidence would otherwise be inadmissible. *Id.* (citing Fed. R. Evid. 404(b) (precluding evidence of other crimes, wrongs, or acts to prove the character of a person in order to show conformity therewith). In *Lewis*, the court considered the joinder of a gun charge with a bank robbery charge and found the two should be severed for trial because a prior conviction was admissible in the gun case, but not in the bank robbery case, and would prejudice the defendant by exposing the jury to impermissible character evidence.

Here, if the defense to possession and transportation of child pornography is lack of knowledge, Defendant's similar experiences with adult obscene images may be relevant and admissible under Rule 404(b) to show motive, opportunity, intent, preparation, plan, knowledge or absence of mistake or accident. A limiting instruction would be given to prevent the jury from using the evidence of the obscene materials to prove character and conformity therewith. If the adult obscenity images are not relevant to the child pornography count, the offenses are simple and distinct crimes, such that a proper limiting instruction will enable the jury to compartmentalize the evidence and apply it separately to the separate charges.

Defendant argues that the counts should be severed because he "may wish to testify that he did not knowingly acquire any images of child pornography, but not wanting to face cross examination as to some of the obscenity counts which, if he did knowingly obtain any of them, he would be forced to respond as to why he felt they were not prohibitive by the law, what he was doing with photographs of women wearing handcuffs and so forth." He complains that the Magistrate Judge made a sweeping conclusion that he was not required

1 nor qualified to testify regarding his First Amendment defense that he believed, applying
2 contemporary community standards, the adult images he possessed were not prohibited.

Obscene expression is not protected by the First Amendment, and the test for determining whether an image is obscene has three prongs: whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest, depicts or describes in a patently offensive way, sexual conduct that lacks serious literary, artistic, political, or scientific value. Neither the obscenity charge nor the First Amendment defense depends on whether the Defendant knew or believed the obscene images were illegal or knew his transportation of them was illegal.

The Court finds that the counts are properly joined, and a joint trial will not be unduly prejudicial to the Defendant. "The Defendant has not demonstrated the insufficiency of limiting instructions that would be given to the jury." (R&R at 8) (citing *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991).

## CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Sever Counts/Motion in Limine to Preclude Evidence.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever/Motion to Preclude (doc. 196) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Hector C. Estrada for all pretrial proceedings and Report and Recommendation in

/////

1  accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the
2  United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.
3  DATED this 14th day of December, 2010.

David C. Bury
United States District Judge