WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>James T. Schmit,<br><br>  Defendant. | CR 07-1714 TUC DCB (HCE)<br><br>**O R D E R** |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress: Consent Search and Seizure.

### MAGISTRATE JUDGE'S RECOMMENDATION

On November 10, 2010, Magistrate Judge Hector C. Estrada issued a R&R in regard to Defendant's Motion to Suppress evidence seized as a result of the consent search of his computers. Magistrate Judge Estrada found that consent was given voluntarily and expressly to search certain computer hard-drives and media and to image a computer hard-drive. Defendant filed an Objection to Judge Estrada's R&R, wherein he argues the totality of the circumstances require a contrary result.

### STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the Objection filed by the Defendant, the Government's Response, the parties' briefs considered by the Magistrate Judge, and has read the transcript from the hearing on the Motion to Suppress.

## OBJECTION

The Defendant argues his consent for agents to search his computers was involuntary for the following reasons: 1) agents conducted the "knock and talk" in an attempt to gain entry to his home, not to investigate whether the use of his credit card to purchase child pornography involved credit card fraud; 2) there were a number of other agents, including the forensic expert, a short distance away; 3) Defendant was suffering from a number of health problems and taking prescribed medication for pain and depression; 4) Defendant's dog barked suggesting agents were in the backyard; 5) the two agents who conducted the knock and talk were armed; 6) the testifying agents memories were poor, and 7) an agent

- 2 -

followed Defendant into his bedroom when he went to dress, restricted his movements within his home, and would not let him smoke.

To determine whether consent has been given voluntarily, the Court considers the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973); *United States v. Crasper*, 472 F.3d 1141, 1148-49 (9th Cir. 2007). After reading the transcript from the hearing on the Motion to Suppress, this Court agrees with the Magistrate Judge's assessment of the totality of the circumstances. Defendant testified that he was very intimidated because the agents carried guns, but he only saw the butt of one holstered gun and saw a bulge that he believed concealed the other officer's gun. He testified that the mere presence of a weapon is so intimidating to him that he will do anything he is asked to do, but he admittedly refused the agent's request to remove computers from his residence for forensic examination. There is no evidence that any weapon was ever drawn nor was he threatened, placed under duress, or intimidated.

While he may have been on prescription medications and may not be a morning person, there is no evidence that he was confused or unable to think clearly at the time he consented to the search. His own testimony about what transpired on that morning reflects that he was clear-headed when he voluntarily consented to the search of his computers.

More important, Defendant signed a written consent form, wherein he expressly agreed to and acknowledged the following: (1) to a complete search of a PC Taylor computer hard drive; (2) that the agents were authorized to take from his residence the imaged PC Taylor computer hard drive; (3) that any contraband data or material which is evidence of a crime may be used against him in a court of law; (4) that the written permission to examine and image the PC Taylor computer hard drive was voluntary; (5) that he had not been threatened, placed under duress or promised anything in exchange for his consent; (6) that he had read the form, that it had been explained to him, and that he understood it, and (7) *that he could withdraw his consent at any time for any reason*. (R&R at 5 (citing Government Exhibit 3)) (emphasis added).

1  This Court agrees with the Magistrate Judge's conclusion that the totality of the
2  circumstances reflect the Defendant voluntarily consented to the search of his computers and
3  the mirror copying of his hard-drive.

### CONCLUSION

After *de novo* review of the arguments made in Defendant's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (doc. 265) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 197) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Hector C. Estrada for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

DATED this 25th day of January, 2011.

David C. Bury
United States District Judge